Michael Marks Cohen (MC-2274)
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-0390
(212) 220-3784 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
:
MOUNTIKO MARINE CO. LTD.,     :
:
Plaintiff,    :    06-CV-13267 (LBS)
:
- against -    :    **VERIFIED ANSWER**
:
FORBES GOKAK LTD.,     :
:
Defendant.    :
:
---------------------------------------------------------------x

Defendant FORBES GOKAK LTD., through its attorneys Nicoletti Hornig & Sweeney, as and for its Verified Answer to the Complaint herein, admits, denies and alleges upon information and belief as follows:

1. Denied, except it is admitted that the Court has subject matter jurisdiction.

2. Denied for lack of information sufficient to form a belief about the truth of the allegations.

3. Denied, except it is admitted that defendant maintains its office in Mumbai, India.

4. Denied, except it is admitted that Defendant chartered the PELAGOS from Plaintiff and the charter party speaks for itself.

5. Denied for lack of information sufficient to form a belief about the truth of the allegations except it is admitted that the vessel delivered under the charter and entered into Defendant's service in 2006.

6. Denied since the charter party speaks for itself, except it is admitted that the daily gross charter hire rate was $7,250.

7. Denied.

8. Denied.

9. Denied, except it is admitted that the market for charter hire of vessels like the M/V PELAGOS increased.

10. Denied.

11. Denied.

12. No response required.

13. Denied.

14. Admitted.

15. Admitted to the extent that arbitration in London has been commenced; the balance of the allegations do not require a response.

16. Denied except it is admitted that English law allows arbitrators to fix their fees, as well as to award the parties reimbursement of attorneys' fees and disbursements, against each other.

17. Denied.

18. Denied.

19. Does not require a response.

## AS A FIRST AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES THAT

20. The use of process of maritime attachment to restrain electronic funds transfers originating by or destined for Defendant is not authorized by Federal law.

21. In the alternative, to the extent that such attachments may be authorized by Federal law, improper service of process was made herein so as to entitle Defendants to have the attachments vacated.

22. In the absence of valid maritime attachments of property belonging to the Defendant, this Court lacks in personam jurisdiction over the Defendant.

## AS A SECOND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES THAT

23. By December 2006 plaintiff had attached amounts in excess of the value of the claims described in the complaint.

24. In February 2007, pending resolution of Defendant's objections to the maritime attachments herein, the parties entered into an agreement under which Defendant gave Plaintiff additional security for its claims in an amount far in excess of the value of Plaintiff's claims as described in the Complaint, for hire and damages arising from alleged tardy redelivery of the PELAGOS, and in exchange, Plaintiff agreed to forebear from seeking further security for such claims.

25. Plaintiff has threatened to breach the aforesaid agreement.

26. In May 2007 Plaintiff asserted additional claims for indemnity against cargo damage and loss claims that had been made by third parties against Plaintiff. Such indemnity claims are premature and cannot be made the subject of a maritime attachment.

WHEREFORE, Defendant prays that:

a.  Judgment be entered dismissing the Complaint for lack of jurisdiction;

b.  In the alternative,

  i.  If Plaintiff seeks to attach electronic fund transfers as further security for its claims for hire and damages arising from alleged tardy redelivery of the PELAGOS, such efforts should be quashed and security for those claims should be limited to $672,235.44; and

  ii.  If Plaintiff seeks to attach electronic fund transfers as security for the newly asserted claims for indemnity against certain cargo damage and loss claims asserted by third parties, such effort should be quashed as premature and unauthorized by law; and

  iii.  This suit be stayed pending the award of the arbitrators.

c.  Defendant have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June  18  , 2007

                                    Yours, etc.

                                    NICOLETTI HORNIG & SWEENEY
                                    *Attorneys for Defendant,*
                                    *Forbes Gokak Ltd.*

                                    By /s/
                                    Michael Marks Cohen (MC 2274)
                                    88 Pine Street
                                    New York, NY 10005
                                    (212) 220-0390
                                    (212) 220-3784 (fax)
                                    mchohen@nicolettihornig.com (email)

4